1  Christopher Q. Pham, Bar No.: 206697
   Alexander S. Gareeb, Bar No.: 207473
2  GAREEB | PHAM, LLP
3  707 Wilshire Boulevard, Suite 5300
   Los Angeles, CA 90017
4  Telephone: (213) 455-2930
5  Facsimile:  (213) 455-2940
   Email: cpham@gareebpham.com
6  Email: agareeb@gareebpham.com
7
   Attorneys for Plaintiff
8  GURU DENIM, INC.
9

10           UNITED STATES DISTRICT COURT FOR THE
11             CENTRAL DISTRICT OF CALIFORNIA
12
13  GURU DENIM, INC., A California          Case No. _____
    Corporation,
14
15          Plaintiff,
                                            **COMPLAINT FOR DAMAGES**
16      vs.                                 **AND DECLARATORY RELIEF:**
17
18  DRESS TO IMPRESS, a Business Entity     **(1) FEDERAL TRADEMARK**
    Incorporated in California, GEVORG          **INFRINGEMENT [15 U.S.C. §**
19  TERERYAN, an individual, MAXIM             **1114/Lanham Act § 43(a)**
    PARIS, INC., a Business Entity          **(2) FEDERAL COPYRIGHT**
20  Incorporated in California, XIU WEI         **INFRINGEMENT [17 *U.S.C.***
21  LIN, an individual, JULIEN YI WANG,        ***§501(a)];***
    an individual, and Does 1-10, Inclusive, **(3) FALSE DESIGNATION OF**
22                                              **ORIGIN [15 *U.S.C.* §1125(a)];**
23          Defendants.                      **(4) TRADEMARK DILUTION [15**
24                                              ***U.S.C.* §1125(c); *CALIFORNIA***
                                                ***BUSINESS & PROFESSIONS***
25                                              ***CODE* §14330];**
26                                           **(5) COMMON LAW COPYRIGHT**
                                                **INFRINGEMENT**
27                                              **[*CALIFORNIA CIVIL CODE***
                                                ***§980];***
28                                           **(6) UNFAIR BUSINESS**

- 1 -
**COMPLAINT FOR DAMAGES**

**PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; and**
**(7) UNJUST ENRICHMENT**

COMES NOW, Plaintiff GURU DENIM, INC. hereby file its Complaint against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, and JULIEN YI WANG, an individual, and Does 1-10 (collectively "Defendants").

## JURISDICTIONAL ALLEGATIONS

1.     This Court has Federal subject matter jurisdiction over this matter pursuant to 28 *U.S.C.* §§ 1331 and 1338(a) and (b), by virtue of 15 *U.S.C.* §1051 *et seq.,* in that the case arises out of §43(a) of the *Lanham Act* for trademark infringement, and supplemental jurisdiction under 28 *U.S.C.* §§ 1367(a) and 1338 (a)(b).

2.     Venue is proper, *inter alia,* under 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3.     Personal jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in California and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## THE PARTIES

4.     Plaintiff GURU DENIM, INC. (hereinafter "Plaintiff") is now, and was at the time of the filing of this Complaint and at all intervening times, a California corporation, duly authorized and licensed to conduct business in California, with its principal place of business in California.

5.      Plaintiff GURU DENIM, INC. is a wholly owned subsidiary of TRUE RELIGION APPAREL, INC., and manufactures and distributes denim and non-denim men's and women's apparel under the True Religion line of apparel.

6.      Plaintiff is informed and believes that Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, and GEVORG TERERYAN, an individual, are now, and were at the time of the filing of this Complaint and at all intervening times, a business and an individual doing business at 908 North Vermont Avenue, Los Angeles, California, 90029.

7.      Plaintiff is informed and believes that Defendants MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN and JULIEN YI WANG, individuals, are now and were at the time of the filing of this Complaint and at all intervening times, a business and an individual doing business at 110 South San Pedro Street #C-10, Los Angeles, California, 90015.

8.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein are designated by fictitious names Does 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

9.      Plaintiff further alleges that Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth.

10.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants DRESS TO IMPRESS, GEVORG TERERYAN MAXIM PARIS, INC., XIU WEI LIN, JULIEN YI WANG and Does 1-10, inclusive, and each of them (hereinafter collectively referred to as "Defendants"), were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## INJURY TO PLAINTIFFS

11.    Plaintiff owns nine (9) registered United States trademarks associated with the True Religion line of apparel.

12.    Plaintiff owns a registered United States trademark for the "True Religion Brand Jeans World Tour Fashion for the Senses Section Row Seat" label and corresponding artwork under U.S. Reg. No. 2,917,187, registered January 11, 2005, attached herewith as Exhibit "A."

13.    Plaintiff owns registered United States trademarks in the pocket stitching pattern that appears on True Religion Brand Jeans pants and the overall stitching pattern on the front of True Religion Brand Jeans pants under U.S. Reg. No. 3,147,244, registered September 16, 2006, and under U.S. Reg. No. 3,219,110, registered March 13, 2007, attached herewith as Exhibits "B" and "C," respectively.

14.    Plaintiff owns 4 registered United States trademarks in the word mark "True Religion Brand Jeans," (hereinafter, "the Mark") with assorted designs, characters and artwork (hereinafter, "the Designs") under the following registration numbers: U.S. Reg. No. 2,761,793, registered September 9, 2003; U.S. Reg. No. 3,120,797, registered July 25, 2006; U.S. Reg. No. 3,120,798, registered July 25, 2006; U.S. Reg. No. 3,282,490, registered August 21, 2007; attached herewith as Exhibits "D," "E," "F," and "G," respectively.

15.    Plaintiff owns registered United States trademarks in the word mark "True Religion," under U.S. Reg. No. 3,162,615, registered October 24, 2006; and under U.S. Reg. No. 3,162,614, registered October 24, 2006; collectively attached herewith as Exhibit "H."

16.    Plaintiff owns two United States Copyrights for the True Religion Brand Jeans Designs under Certificate of Registration number VA 1-192-834, effective date of February 6, 2003, and Certificate of Registration number VA 1-

301-845, effective date of April 13, 2005, attached herewith as Exhibits "I" and "J," respectively.

17.     Plaintiff owns an additional United States Copyright in the "truereligionbrandjeans.com" website under Certificate of Registration number TX 6-236-806, effective date of June 1, 2005, attached herewith as Exhibit "K."

18.     Plaintiff owns a United States Design Patent for the stitch pattern applied to True Religion Brand Jeans pants under United States Patent No. D547530, issued July 31, 2007, attached herewith as Exhibit "L."

19.     Plaintiff also owns registered trademarks in the True Religion Brand Jeans Mark and Designs in the following foreign countries or territories: Canada, United Kingdom, European Union, Germany, Australia, Japan, Korea, Mexico, Colombia, Hong Kong, Korea, Norway, Russia, South Africa and Paraguay. The relevant trademark registration documents are attached herewith as Exhibit "M."

20.     Plaintiff designs, develops, manufactures, markets, distributes and sells denim jeans and other apparel, including corduroy jeans and jackets, velvet jeans and jackets, skirts, shorts for both men and women, t-shirts, sweaters and sportswear under the Mark in the United States, Canada, the United Kingdom, Europe, Mexico, Japan, Korea, Australia and the Middle East. Plaintiff has been designing, manufacturing, distributing and selling its apparel under the Mark since August of 2003.   True Religion Brand Jeans products and their packaging prominently bear the Mark. Plaintiff's Mark has been continually used in commerce since its date of first issue.

21.     Plaintiff has distinguished itself as a leader in the high-end denim market, contributing significantly to the wide interest in designer denim. Plaintiff's line of "super-premium" denim wear, which ranges in retail price from $170.00 to in excess of $300.00, is acclaimed in the fashion industry due to its famous name recognition which represents quality and distinguished craftsmanship. Each piece of clothing or pair of denim distributed under the Mark

bears an emblem of a smiling Buddha strumming a guitar and, in some occasions, is elaborately embroidered.   Upscale retailers, such as *Barneys New York, Bergdorf Goodman, Neiman Marcus, Nordstrom, Saks Fifth Avenue*, and about 650 high-end boutiques nationwide sell True Religion Brand Jeans apparel. Plaintiff also operates a 900 square foot flagship boutique store in trendy Manhattan Beach, California, which distributes men's and women's denim and non-denim apparel under the Mark.

22.     Due to Plaintiff's extensive use of the Mark, Plaintiff has built up significant goodwill therein and its line has been praised and recognized in numerous articles appearing in both trade publications and those directed to the general public, including *Elle, Vogue,* and *Harper's Bazaar.*  An increasingly large list of top celebrities purchase, wear and have been photographed wearing True Religion Brand Jeans apparel, including Madonna, Gwyneth Paltrow, Bruce Willis, and the entire cast of the television program *Desperate Housewives.*  Plaintiff's apparel bearing the Mark has also been featured in films such as *Cake, The Fog, Domino,* and *Dukes of Hazzard.*

23.     Defendants operate a business located in Los Angeles, California, which markets and retails counterfeit True Religion Brand Jeans apparel.

24.     On April 30, 2008, in its ongoing investigation of counterfeit sales of True Religion Brand Jeans apparel, Plaintiff purchased counterfeit True Religion Brand Jeans denim pants from Defendant, DRESS TO IMPRESS and GEVORG TERTEYAN. The purchased counterfeit denim pants display the same, if not exact, stitching patterns, "True Religion" label, and horseshoe Marks that are both trademarked and copyrighted by Plaintiff.  Moreover, the counterfeit jeans also displayed the exact same font style, color and design as copyrighted, trademarked and solely used by Plaintiff.

25.     On May 29, 2008, in its ongoing investigation of counterfeit sales of True Religion Brand Jeans apparel, Plaintiff was able to have the Defendants,

DRESS TO IMPRESS and GEVORG TERTEYAN, voluntarily surrender six (6) pairs of counterfeit denim pants displaying similar, if not exact, stitching patterns, labels, "True Religion" label, and horseshoe Marks as copyrighted, trademarked and solely used by Plaintiff.  These Defendants were placed on noticed at time that they were selling counterfeited merchandise.

26.     On June 2, 2008, in its ongoing investigation of counterfeit sales of True Religion Brand Jeans apparel, Plaintiff purchased counterfeit True Religion Brand Jeans denim pants from Defendant, MAXINE PARIS, INC.  The purchased counterfeit denim pants display the same, if not exact, stitching patterns, "True Religion" label, and horseshoe Marks that are both trademarked and copyrighted by Plaintiff.  Moreover, the counterfeit jeans also displayed the exact same font style, color and design as trademarked by Plaintiff.  Plaintiff is informed and believes that Defendant MAXINE PARIS, INC. supplied and distributed the counterfeited jeans to Defendants DRESS TO IMPRESS and GEVORG TERTEYAN.

27.     Defendants have intentionally and knowingly confused consumers by advertising denim jeans bearing Plaintiff's Mark.

27.     The denim goods purchased from Defendants were inspected by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased item using security measures confirmed that the item Defendants sold to the investigator was in fact a counterfeit pair of True Religion Brand Jeans denim pants.  Upon information and belief, Defendants' use of Plaintiff's Mark through the creation and/or sale of inferior quality clothing bearing the True Religion Brand Jeans Mark was willful, having been adopted with knowledge of Plaintiff's prior rights in and to the Mark, with the intent to trade on and benefit from the goodwill established by Plaintiff in its Mark.

/ / /

/ / /

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement [15 *U.S.C.* § 1114/Lanham Act §43(a)]**
**Against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in**
**California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a**
**Business Entity Incorporated in California, XIU WEI LIN, an individual,**
**JULIEN YI WANG, an individual, and Does 1-10)**

28.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-27.

29.     Defendants are actually aware that Plaintiff is the registered trademark holder of the True Religion Brand Jeans Mark and Designs. (See Exhibits A-H). Further, Plaintiff's registrations on the Principal Register give constructive notice of Plaintiff's ownership rights.

30.     Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and Mark to commercially distribute and market apparel bearing the Plaintiff's Mark into the stream of commerce.

31.     Defendants intentionally and knowingly used in commerce the reproduction, counterfeit, copy, and/ or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising of Plaintiffs' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit denim jeans bearing the trade name and Mark "True Religion Brand Jeans."

32.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered Mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed the

counterfeit denim jeans bearing the trade name and Mark "True Religion Brand Jeans."

33.    Defendants egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believes that the items are authentic garments manufactured by Plaintiff.

34.    Defendants continued and knowing use of Plaintiff's trade name and Mark without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.

## SECOND CAUSE OF ACTION

**(Federal Copyright Infringement [17 *U.S.C.* §501(a)]**

**Against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, JULIEN YI WANG, an individual, and Does 1-10)**

35.    Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-34.

36.    Plaintiff is the exclusive owner of the copyright in its garment Designs and its logo Designs and possesses three copyright registrations with the United States Copyright Office in True Religion Brand Jeans Designs (registration numbers VA 1-301-845, VA 1-192-834, TX 6-236-806).

37.    Defendants have actual notice of Plaintiff's exclusive copyright rights in the Designs.

38.    Plaintiff's trademark registrations on the Principal Register of the United States Patent and Trademark Office further provide constructive notice of Plaintiff's ownership rights in the Designs.

39.     Defendants did not seek and failed to obtain the consent or authorization of Plaintiff to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the Designs.

40.     Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured colorable imitations of the Designs by offering, advertising, promoting, retailing, selling, distributing counterfeit denim jeans containing the copyrighted Designs.

41.     Defendants intentionally and willfully applied their infringing uses of the Designs to labels, signs, printed notices, packaging, wrappers, receptacles and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendants' goods and represented that the goods were authentic products of Plaintiff's.  Defendants thereupon widely, publicly, and continuously offered, advertised, promoted, retailed, sold, and distributed counterfeit denim jeans containing the trademarked and copyrighted materials of Plaintiff.

42.     Defendants are continuing infringement of the Designs in blatant disregard of Plaintiff's protected rights.

## THIRD CAUSE OF ACTION

**(False Designation of Origin and Unfair Competition [15 U.S.C. § 1125(a)] Against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, JULIEN YI WANG, an individual, and Does 1-10)**

43.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-42.

44.     Defendants' conduct described above violate the Lanham Act, have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be

determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Mark.

45.     Defendants have the legal obligation and responsibility to conduct a search before utilizing a trademark so as not to confuse or deceive consumers as to the origin of its name and Mark.  Had Defendants conducted a search they would have discovered Plaintiff's long-time use of its Mark in commerce as well as its state trademark registrations:

(a)     California, registration number 111148, issued August 23, 2005;

(b)     Texas, registration number 800534335, issued November 7, 2005;

(c)     New York, registration number R-30664, issued August 22, 2005;

(d)     New Jersey, registration number 22299, issued October 4, 2005; and

(e)     Florida, registration number T05000001315, issued October 10, 2005.

46.     Plaintiff's Mark is distinctive in the states in which trademark registration was obtained by virtue of its substantial inherent and acquired distinctiveness, extensive use in each state in which registration was obtained, and the extensive advertising and publicity of the Mark.

47.     Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine True Religion Brand Jeans garments.

48.    Defendants' continuing and knowing use of Plaintiff's Mark constitutes willful infringement, false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 *U.S.C.* § 1125(a).

## FOURTH CAUSE OF ACTION

**(Dilution by Tarnishment [15 U.S.C. § 1125(c), *California Business and Professions Code* § 14330 *et seq.*, and California Common Law] Against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, JULIEN YI WANG, an individual, and Does 1-10)**

49.    Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-48.

50.    Plaintiff's Mark is "famous" within the meaning of the Lanham Act and is distinctive in the states in which trademark registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the Mark, the extensive use in the relevant states, and the wide advertising and publicity of Plaintiff's goods bearing the Mark.

51.    As a result of the substantial inherent and acquired distinctiveness in Plaintiff's Mark, extensive use in the states in which registration was obtained, and the wide advertising and publicity of the Mark, Plaintiff's Mark has become strong and is widely identified and respected.

52.    Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Mark. Defendants' conduct is willful, wanton and egregious.

53.    The actions of Defendants complained of herein are likely to injure the business reputation of Plaintiff and its Mark.

54.    Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Mark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine True Religion Brand Jeans garments.

55.    Defendants' unauthorized and counterfeit use of Plaintiff's famous Mark has diluted and will continue to dilute and tarnish Plaintiff's name and Mark, and is likely to detract from the distinctiveness of Plaintiff's Mark.

56.    Defendants' conduct is intended to trade on Plaintiff's reputation and goodwill and the quality and high standards of Plaintiff's products. Defendants' failure to meet Plaintiff's strict regulations of material, design, craftsmanship and workmanship will mar the perception among consumers regarding Plaintiff's products, will tarnish and dilute the strength and value of Plaintiff's Mark, and will saturate the clothing Market with substandard and counterfeit merchandise.

57.    Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic garments manufactured by Plaintiff.

58.    Defendants' continuing and knowing use of "True Religion Brand Jeans" constitutes intentional infringement of Plaintiff's common law trademarks in violation of 15 *U.S.C.* § 1125(c) and California common law, as well as dilution and injury to business reputation in violation of *Cal. Bus. & Prof. Code* § 14330 *et seq.*

59.    Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

/ / /

/ / /

## FIFTH CAUSE OF ACTION

**(Copyright Infringement [*California Civil Code* § 980 *et seq.*, and California Common Law] Against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, JULIEN YI WANG, an individual, and Does 1-10)**

60.     Plaintiffs repeat and re-allege every allegation set forth in Paragraphs 1-59.

61.     At all times relevant herein, Plaintiff has held and still holds the exclusive rights under California law and common law to reproduce, distribute, or license the reproduction and distribution of the artwork, design, pictures, representation, model and pattern for its Mark and Designs in any and all formats and mediums, throughout the United States.

62.     The artwork, design, pictures, representation, model and pattern of Plaintiff's Mark and Designs are original works in tangible form which have been widely disseminated and published since at least in or about September 2004.

63.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Defendants' acts have irreparably harmed and continue to harm Plaintiff's exclusive proprietary rights and constitute common law copyright infringement and unfair competition.  Defendants' outrageous conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar conduct in the future.

64.     Each infringing transfer, duplication, sale, rental, distribution, display and other exploitation of the artwork, design, pictures, representation, model and pattern of Plaintiff's Mark and Designs constitutes a separate claim against Defendants under common law copyright and *California Civil Code* § 980.

///

<u>SIXTH CAUSE OF ACTION</u>

**(Unlawful, Unfair, Fraudulent Business Practices [*California Business & Professions Code* § 17200 *et seq.*] Against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, JULIEN YI WANG, an individual, and Does 1-10)**

65.    Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1-64.

66.    Defendants have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

67.    Defendants' acts and practices as detailed above constitute acts of un unlawful, unfair or fraudulent business acts and practices within the meaning of *California Business & Professions Code* §17200.

68.    Defendants have engaged in transactions that are in violation of numerous provisions of California law. Strict liability may be applied even if Defendants' acts have violated only one of the three provisions set forth above.

69.    Pursuant to *California Business & Professions Code* §17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

70.    Plaintiff additionally requests an order from this Court requiring that Defendants disgorge profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or, as equity requires.

71.    Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## SEVENTH CAUSE OF ACTION

**(Unjust Enrichment Against Defendants DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXIM PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, JULIEN YI WANG, an individual, and Does 1-10)**

72.    Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1-71.

73.    By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to proven at trial.

74.    Defendants' retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**WHEREFORE**, Plaintiff GURU DENIM, INC., prays for judgment against Defendants, as follows:

A. For damages in an amount to be proven at trial for trademark infringement under 15 *U.S.C.* § 1114/Lanham Act §43(a);

B. For damages in an amount to be proven at trial for copyright infringement under 17 *U.S.C.* §501(a);

C. For damages in an amount to be proven at trial for false designation of origin under 15 *U.S.C.* §1125(a);

D. For damages in an amount to be proven at trial for trademark dilution under 15 *U.S.C.* §1125(c);

E. For damages in an amount to be proven at trial for copyright infringement and violation of common law under *California Civil Code* §980;

F.  For damages to be proven at trial for common law unfair competition;

G.  For damages in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

H.  For disgorgement of Defendants' profits under 15 *U.S.C.* §1117(a);

I.  For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein;

J.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

K.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L.  For destruction of the infringing articles in Defendants' possession under 15 *U.S.C.* §1118;

M.  For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 *U.S.C.* §1117(b);

N.  For damages in an amount to be proven at trial for unjust enrichment.

O.  For Plaintiff's reasonable attorney's fees;

P.  For all costs of suit; and

Q.  For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

## DEMAND FOR JURY TRIAL;

Plaintiff GURU DENIM, INC. respectfully demands a trial by jury in this action.

DATED: June 24, 2008                    **GAREEB | PHAM, LLP**


By: _____

    Alexander S. Gareeb
    Christopher Q. Pham
    Attorney for Plaintiff
    GURU DENIM, INC.

# **<u>EXHIBIT A</u>**

5 3853-US



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

January 11, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,917,187 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *January 11, 2005*

SAID RECORDS SHOW TITLE TO BE IN:
   *GURU DENIM, INC.*
   *A CALIFORNIA CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



P. SWAIN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,917,187
Registered Jan. 11, 2005

### TRADEMARK
### PRINCIPAL REGISTER



GURU DENIM, INC. (CALIFORNIA CORPORA-
TION)
1525 RIO VISTA AVENUE
LOS ANGELES, CA 90023

FOR: LABEL FOR CLOTHING, NAMELY MEN'S,
WOMEN'S, AND CHILDREN'S PANTS, SLACKS,
JEANS, SHORTS, OVERALLS, SHIRTS, T-SHIRTS,
BLOUSES, VESTS, SKIRTS, JACKETS, COATS,
SWEATERS, SWEATSHIRTS, SWEATPANTS, AND
HATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-1-2002; IN COMMERCE 10-1-2002.

OWNER OF U.S. REG. NO. 2,761,793.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BRAND JEANS", APART FROM
THE MARK AS SHOWN.

SER. NO. 78-168,436, FILED 9-26-2002.

PRISCILLA MILTON, EXAMINING ATTORNEY

# **<u>EXHIBIT B</u>**

53815-US



# CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

**To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



Director of the United States Patent and Trademark Office

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 3,147,244
Registered Sep. 26, 2006

## TRADEMARK
### PRINCIPAL REGISTER



GURU DENIM INC. (CALIFORNIA CORPORA-
TION)
1525 RIO VISTA AVENUE
LO ANGELES, CA 90023

FOR: PANTS, JEANS, JACKETS, SHORTS AND
SKIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-0-2002; IN COMMERCE 12-0-2002.

THE MARK CONSISTS OF A STITCHING DE-
SIGN ON A GARMENT WHICH IS A STYLIZED
REPRESENTATION OF THE LETTER "U". THE
BROKEN LINES ARE USED TO INDICATE THE
POSITIONING OF THE MARK ON THE GOODS
AND ARE NOT A FEATURE OF THE MARK.

SER. NO. 76-633,022, FILED 3-9-2005.

BILL DAWE, EXAMINING ATTORNEY

# EXHIBIT C

56104-US

# The United States of America

## CERTIFICATE OF REGISTRATION
### SUPPLEMENTAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 3,219,110
Registered Mar. 13, 2007

## TRADEMARK
### SUPPLEMENTAL REGISTER



TRUE RELIGION APPAREL, INC. (NEVADA CORPORATION)
1525 RIO VISTA AVENUE
LOS ANGELES, CA 90023

FOR: CLOTHING, NAMELY, PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-12-2005; IN COMMERCE 1-12-2005.

THE MARK CONSISTS OF AN OVERALL STITCHING PATTERN AFFIXED TO THE FRONT SIDE OF A PANT CONSISTING OF A ONE HALF INCH STITCHING PATTERN THAT INCLUDES THE WAIST BAND, BELT LOOPS, POCKETS, FLY, HIP AND INSEAM PORTION OF THE FRONT OF THE JEANS, ALONG WITH THE BOTTOM PORTION OF THE LEGS.

SER. NO. 78-769,338, FILED P.R. 12-8-2005; AM. S.R. 12-13-2006.

TARAH HARDY, EXAMINING ATTORNEY

# **<u>EXHIBIT D</u>**

54152-US



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

January 12, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,761,793 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM  *September 09, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
  *GURU DENIM, INC.*
  *A CALIFORNIA CORP*

By Authority of the
**Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office**

M. K. CARTER
Certifying Officer



54152

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,761,793
Registered Sep. 9, 2003

**TRADEMARK**
**PRINCIPAL REGISTER**

# true religion
## BRAND JEANS

LUBELL, JEFFREY (UNITED STATES INDIVI-
DUAL)
1561 8TH STREET
MANHATTAN BEACH, CA 90266

FOR: MEN'S AND WOMEN'S DENIM JEANS,
SHIRTS, JACKETS, T-SHIRTS, SKIRTS, SWEATS,
TANK TOPS, SWEATERS, IN CLASS 25 (U.S. CLS. 22
AND 39).

FIRST USE 8-1-2002; IN COMMERCE 8-1-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BRAND JEANS", APART FROM
THE MARK AS SHOWN.

SER. NO. 78-146,570, FILED 7-23-2002.

IRENE D. WILLIAMS, EXAMINING ATTORNEY

58102-US

## The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

**To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.** (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)



# EXHIBIT E

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,120,797
Registered July 25, 2006

## TRADEMARK
### PRINCIPAL REGISTER

TRUE RELIGION BRAND JEANS

GURU DENIM, INC. (CALIFORNIA CORPORA-
    TION)
1525 RIO VISTA AVENUE
LOS ANGELES, CA 90023

FOR: CLOTHING, NAMELY, PANTS, JEANS,
JACKETS, SKIRTS, SHORTS, SWEATPANTS,
SWEATSHIRTS, AND VESTS, IN CLASS 25 (U.S.
CLS. 22 AND 39).

FIRST USE 8-1-2002; IN COMMERCE 8-1-2002.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,761,793 AND
2,917,187.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BRAND JEANS", APART FROM
THE MARK AS SHOWN.

SER. NO. 78-769,345, FILED 12-8-2005.

BONNIE LUKEN, EXAMINING ATTORNEY

# EXHIBIT F

58103-%US

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



Jon W. Dudas

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 3,120,798

## United States Patent and Trademark Office

Registered July 25, 2006

## SERVICE MARK
## PRINCIPAL REGISTER

TRUE RELIGION BRAND JEANS

GURU DENIM, INC. (CALIFORNIA CORPORA-
TION)
1525 RIO VISTA AVENUE
LOS ANGELES, CA 90023

FOR: ON-LINE RETAIL STORE SERVICES FEA-
TURING CLOTHING; RETAIL STORE SERVICES
FEATURING CLOTHING, IN CLASS 35 (U.S. CLS.
100, 101 AND 102).

FIRST USE 4-26-2005; IN COMMERCE 4-26-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,761,793 AND
2,917,187.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BRAND JEANS", APART FROM
THE MARK AS SHOWN.

SER. NO. 78-769,347, FILED 12-8-2005.

BONNIE LUKEN, EXAMINING ATTORNEY