_____ Priority
_____ Send
_____ Clsd
_____ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT

APR 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1 | Christopher D. Johnson, SBN: 222698
2 | Christopher Q. Pham, SBN: 206697
    JOHNSON & PHAM, LLP
3 | 6355 Topanga Canyon Boulevard, Suite 115
    Woodland Hills, California 91367
4 | Telephone: (818) 888-7540
5 | Facsimile: (818) 888-7544
    Email: cpham@johnsonpham.com
6 |
7 | Attorneys for Plaintiff
    GURU DENIM, INC.
8 |
9 | Robert C. Hsu, SBN: 225437
    LAW OFFICES OF ROBERT C. HSU
10| 2555 E. Colorado Boulevard, Suite 306
    Pasadena, California  91107
11| Telephone: (626) 584-7055
12| Facsimile:  (626) 604-0345

**NOTE CHANGES MADE BY THE COURT.**

13| Attorney for Defendants
14| MAXINE PARIS, INC. and XIU WEI LIN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| GURU DENIM, INC., a California Corporation, | Case No.: 08-CV-04174 GHK (RZx) |
|---|---|
| Plaintiff, | [~~PROPOSED~~] **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| DRESS TO IMPRESS, a Business Entity Incorporated in California, GEVORG TERERYAN, an individual, MAXINE PARIS, INC., a Business Entity Incorporated in California, XIU WEI LIN, an individual, JULIEN UI WANG, an | |

Individual, and Does 1-10, Inclusive,

Defendants.

---

Plaintiff GURU DENIM, INC. and Defendants MAXINE PARIS, INC. and XIU WEI LIN, having consented to entry of this Consent Judgment and Permanent Injunction, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

Judgment is hereby entered in favor of Plaintiff and against Defendants for monetary damages and equitable relief as follows:

## STIPULATED FACTS

Plaintiff and Defendants, as well as their agents, servants, employees, attorneys, successors and assigns, and all those persons in active concert or participation with them hereby stipulate to the following facts as true and correct:

(a) Plaintiff owns a registered United States trademark for the "True Religion Brand Jeans World Tour Fashion for the Senses Section Row Seat" label and corresponding artwork under U.S. Reg. No. 2,917,187, registered January 11, 2005.

(b). Plaintiff owns registered United States trademarks in the pocket stitching pattern that appears on True Religion Brand Jeans pants and the overall stitching pattern on the front of True Religion Brand Jeans pants under U.S. Reg. No. 3,147,244, registered September 16, 2006, and under U.S. Reg. No. 3,219,110, registered March 13, 2007.

(c). Plaintiff owns 4 registered United States trademarks in the word mark "True Religion Brand Jeans," (hereinafter, "the Mark) with assorted designs, characters and artwork (hereinafter, "the Designs") under the following registration

1 numbers: U.S. Reg. No. 2,761,793, registered September 9, 2003; U.S. Reg. No.
2 3,120,797, registered July 25, 2006; U.S. Reg. No. 3,120,798, registered July 25,
3 2006; U.S. Reg. No. 3,282,490, registered August 21, 2007.

4     (d).    Plaintiff owns registered United States trademarks in the word mark
5 "True Religion," under U.S. Reg. No. 3,162,615, registered October 24, 2006; and
6 under U.S. Reg. No. 3,162,614, registered October 24, 2006.

7     (e).    Plaintiff owns two United States Copyrights for the True Religion
8 Brand Jeans Designs under Certificate of Registration number VA 1-192-834,
9 effective date of February 6, 2003, and Certificate of Registration number VA 1-
10 301-845, effective date of April 13, 2005.

11     (f).    Plaintiff owns a United States Design Patent for the stitch pattern
12 applied to True Religion Brand Jeans pants under United States Patent No.
13 D547530, issued July 31, 2007.

14     (g).    Plaintiff also owns registered trademarks in the True Religion Brand
15 Jeans Mark and Designs in the following foreign countries or territories:
16 Argentina, Chile, Canada, Israel, Netherlands Antilles, Panama, Peru, Philippines,
17 United Kingdom, European Union, Germany, Australia, Japan, Korea, Mexico,
18 Colombia, Hong Kong, Korea, Norway, Russia, South Africa, Paraguay, and
19 Uruguay.

20     (h).    Defendants allegedly advertised, marketed, distributed, promoted, and
21 sold denim jeans in the stream of commerce, which infringed on Plaintiff's
22 trademarks and copyrights.

## PERMANENT INJUNCTION

23 Defendants, as well as their agents, servants, employees, attorneys,
24 successors and assigns, and all those persons in active concert or participation with
25 them, *who receives actual notice of this order* hereby are permanently enjoined from engaging in, committing, or
26 performing, directly or indirectly, all of the following acts:

a.  using in any manner in connection with Defendants' business or in connection with any other advertising, promotions, solicitations or use for such business, services, or goods bearing the trademarks, trade names, and the copyrights of Plaintiff;

b.  performing or allowing any act or thing which is likely to injure Plaintiff's business reputation or good will;

c.  engaging in federal or state copyright and trademark infringement, false designation of origin, unfair competition, and dilution by tarnishment, which would damage or injure Plaintiff; and

d.  using the Internet, world wide web, or any other domain name to advertise, promote, or sell items bearing the trademarks, trade names, and the copyrights of Plaintiff, or any confusingly similar mark such as the names, marks, and/or trade dress relating to the trademarks, trade names, and the copyrights of Plaintiff or any colorable imitations thereof.

## FORFEITURE OF PRODUCTS

Defendants, as well as their agents, servants, employees, attorneys, successors and assigns, and all those persons in active concert or participation with them, shall further relinquish any and all rights and claims in any and all clothing, marketing, promotional, and sales items and/or products relating and/or bearing the trademarks, trade names, and the copyrights of Plaintiff or any colorable imitations thereof within ten (10) days of mutual execution of this Agreement. Defendants shall and will deliver to Johnson & Pham, LLP all such products and items currently, or in the future, in Defendants' possession, custody and/or control.

## MONETARY JUDGMENT

Defendants shall be jointly and severally liable to Plaintiffs for the monetary judgment of Eighty-Five Thousand Dollars ($85,000.00), which shall be payable, in certified funds or wire transfer and delivered to "Johnson & Pham, LLP" by no

later than April 15, 2009. This Consent Judgment is a compromise of a disputed claim, and that the receipt of said money or and of the aforementioned consideration is not to be construed as an admission of liability by the Defendants, by whom liability is expressly denied.

Defendant Lin reserves and preserves her Constitutional right under the Fifth Amendment against self-incrimination as there exists a pending State of California criminal investigation and arrest warrant against Lin relating to the subject matter of this Consent Judgment.

Except as set forth in any separate written agreement between the parties, each party shall bear its own costs, expenses, disbursements and attorneys' fees incurred to date.

The Central District of California shall reserve and retain jurisdiction as to any and all disputes arising out of this Consent Judgment and Permanent Injunction by and between Plaintiffs and Defendant.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: 4/6/09, 2009        By: _____
                                Hon. George H. King,
                                Judge of the United States District
                                Court for the Central District of
                                California

DEFENDANTS' AGREEMENT AND CONSENT TO JUDGMENT:

Dated: 4/01/09, 2009       By: _____
                                XIU WEI LIN, as an individual and
                                on behalf of MAXINE PARIS, INC.

AGREED AND STIPULATED AS TO FORM ONLY:

Dated: _____, 2009        **JOHNSON & PHAM, LLP**

By: _____
    CHRISTOPHER Q. PHAM, ESQ.
    Attorney for Plaintiff
GURU DENIM, INC.

Dated: *April 1*, 2009              **THE LAW OFFICES OF ROBERT C. HSU**

By: _____
    ROBERT C. HSU, ESQ.
    Attorney for Defendants
MAXINE PARIS, INC. and XIU WEI LIN

AGREED AND STIPULATED AS TO FORM ONLY:

Dated: _____, 2009          **JOHNSON & PHAM, LLP**

By: _____
   CHRISTOPHER Q. PHAM, ESQ.
   Attorney for Plaintiff
   GURU DENIM, INC.

Dated: _____, 2009          **THE LAW OFFICES OF ROBERT C. HSU**

By: _____
   ROBERT C. HSU, ESQ.
   Attorney for Defendants
   MAXINE PARIS, INC. and XIU WEI LIN